UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HITACHI CONSTRUCTION MACHINERY CO., LTD, A JAPANESE CORPORATION,<br><br>                           Plaintiff,<br><br>           v.<br><br>WELD HOLDCO, LLC, A DELAWARE LIMITED LIABILITY COMPANY, AND WOODROW D. WELD, AN INDIVIDUAL,<br><br>                           Defendants. | Case No. 23-490<br><br>**COMPLAINT** |

Plaintiff, Hitachi Construction Machinery Co., Ltd. ("HCM" or "Plaintiff") by and through its undersigned counsel, Paul Hastings LLP, hereby submits this Complaint against Defendants Weld Holdco, LLC ("WH") and Woodrow D. Weld ("Weld"), and in support thereof, alleges as follows:

**NATURE OF ACTION**

1. This action arises from Defendants' default due to their failure to make required payments per the terms and conditions of a Master Cross Guarantee Agreement. Defendants own 66 2/3 % of Acme Business Holdco, LLC ("ABH"), a business engaged in the wholesale rental of construction equipment. HCM has a minority stake in ABH through a related entity. Under Defendants' control and direction, ABH obtained unsecured loans that HCM guaranteed. To mitigate HCM's risk, HCM, WH, and Weld entered into a cross-guarantee to ensure that WH and Weld would contribute their pro-rata share of the financial risk associated with these guarantees upon a default. In November, 2022, ABH defaulted on these loans, resulting in HCM paying approximately $385 million. To date, WH and Weld have refused to comply with their financial obligations under the Master Cross Guarantee Agreement.

## PARTIES

2.      Plaintiff HCM is a Japanese corporation with its principal place of business at 16-1, Higashiueno 2-chome, Taito-ku, Tokyo, 110-0015, Japan.

3.      Defendant WH is a limited liability company with its principal place of business at 4751 E. Indigo Street, Mesa, Arizona, 85205.

4.      Defendant Weld is an individual domiciled in Arizona with a last known address of 5347 E Royal Palm Rd, Paradise Valley, Arizona 85253.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this action under and pursuant to 28 U.S.C. § 1391 because Plaintiff is a citizen of Japan and Defendants are citizens of Arizona and Delaware, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6.      This Court has personal jurisdiction over Defendants because they each voluntarily consented to the jurisdiction of any state or federal court situated in New York State in that certain Master Cross Guarantee Agreement dated June 30th, 2022 among HCM, Acme Business Holdco, LLC ("ABH"), a Delaware limited liability company, WH and Weld (such agreement being referred to as the "MCGA") under which Plaintiff brings this Complaint.

7.      Venue is proper in this district under and pursuant to 28 U.S.C. § 1391 for the same reasons that jurisdiction is proper in this Court.

## FACTUAL ALLEGATIONS

**The Asserted MCGA**

8. ABH is a Delaware limited liability company.

9. Hitachi Construction Machinery Investment U.S.A. Corporation ("HIUS") is a Delaware corporation, and is a successor to Hitachi Construction Machinery U.S.A. Corporation ("HHUS"), a Delaware corporation.

10. As a result of that certain Equity Purchase Agreement dated March 12, 2018 by and among WH, Weld and HHUS ("Purchase Agreement"), HCM owns through HIUS 33 1/3 % of ABH's common units (333,333), and the remaining 66 2/3% of the common units of ABH (666,667) are owned by WH (collectively, the "Equity Ownership Percentage").

11. Since entering into the Purchase Agreement, ABH has borrowed money under or is a party to multiple credit facilities and loan agreements with four lenders (two commercial banks and two leasing companies) all of which are guaranteed by HCM.

12. On June 30, 2022, Plaintiff and Defendants among others entered into the MCGA. A true and correct copy of the MCGA is attached hereto as Exhibit "A." Under the MCGA, HCM, WH and Weld are defined as "Guarantors."

13. The MCGA identifies and defines at least eighteen specific credit instruments whereunder ABH borrowed funds since March 2018, together with any related loan documents between ABH (in some cases with its subsidiaries) and any lenders (two commercial banks and two leasing companies) guaranteed by HCM, referred herein as the "Existing Loans."

14. Pursuant to the MCGA, *inter alia,* the Guarantors HCM, WH and Weld agreed to guarantee any liabilities and obligations of the other Guarantors with respect to any guarantees provided in connection with the Existing Loans and "every other obligation and liability in respect thereof" in proportion to each Guarantor's proportional Equity Ownership Percentage. MCGA § 1.

15. As more fully set forth in the MCGA, Weld and WH unconditionally, absolutely and irrevocably guaranteed to HCM the full and prompt payment and performance when due (whether at maturity by acceleration or otherwise) of WH's Equity Ownership Percentage of any guarantee payment HCM made in favor of the lenders. MCGA § 1. This obligation is defined as the "Weld Obligation." *Id.*

16. Under the MCGA, Weld and WH are each directly and primarily liable to HCM and the Weld Obligations (as defined in the MCGA) are independent of the obligations of ABH or of any other guarantor. MCGA § 4.

17. The MCGA further provides that any and all payments under the MCGA shall be made by the applicable Guarantor in cooperation with each other with immediately available funds within 5 (five) business days of receipt of the written notice as provided therein. MCGA § 13.

18. The MCGA specifies that any legal action based on or related to the agreement shall be brought in any federal or state courts sitting in New York, New York, and the parties submit to their exclusive jurisdiction. MCGA § 18.

19. HCM has performed all of its underlying guarantee obligations in favor of the four lenders as contemplated by the MCGA.

**Default By ABH and Subsidiaries On The Existing Loans**

20. On November 14, 2022, ABH defaulted on the following specific Existing Loans (referred to as the "HCM Guaranteed Loans"):

(a) (i) Credit Agreement dated March 13, 2018 between The Bank of Tokyo-Mitsubishi UFJ, Ltd. (currently MUFG Bank, Ltd., hereinafter "MUFG") and ABH; (ii) Uncommitted Credit Facility Agreement dated March 13, 2018 between MUFG and ABH; and (iii) Uncommitted Credit Facility Agreement dated June 3, 2020 between MUFG and ABH;

(b) Uncommitted and Revolving Credit Line Agreement dated October 29, 2021 between Sumitomo Mitsui Banking Corporation ("SMBC") and ABH;

(c) (i) Loan and Security Agreement dated April 26, 2018 among Mitsubishi UFJ Lease & Finance (U.S.A.) Inc. (currently Mitsubishi HC Capital (U.S.A.) Inc., hereinafter "MHC[1]"), ABH, Acme Lift Company, L.L.C. and Mackinnon Skye Holdings, LLC; (ii) Loan and Security Agreement dated September 16, 2020 among the same parties to those in the immediately preceding agreement set forth item (i), plus ECCO Equipment Company, LLC.; and (iii) Loan and Security Agreement dated April 27, 2021 among the same parties to those in the immediately preceding agreement set forth item (ii).

---

[1][1] On April 1, 2021 Mitsubishi UFJ Lease & Finance (U.S.A.) Inc. and Hitachi Capital Corporation merged to become Mitsubishi HC Capital ("MHC").  MHC is a subsidiary of the commercial bank lender MUFG.  MHC loans were secured by the heavy equipment they financed.

(d) Draw-to Loan Note dated May 1, 2018 made by ABH in favor of MHC in the amount of $4,424,000 executed pursuant to the Loan and Security Agreement set forth in subparagraph (c)(i);

(e) The following six Draw-to Loan Notes made by ABH in favor of MHC: (i) Draw-to Loan Note dated January 8, 2021 in the amount of $7,665.524.08; (ii) Draw-to Loan Note dated April 9, 2021 in the amount of $3,176,186.78; (iii) Draw-to Loan Note dated April 19, 2021 in the amount of $1,604,364.69; (iv) Draw-to Loan Note dated April 23, 2021, in the amount of $1,998,878.14; (v) Draw-to Loan Note dated April 29, 2021 in the amount of $2,418,143.37; and (vi) Draw-to Loan Note dated May 24, 2021 in the amount of $3,080,441.84; respectively executed pursuant to the Loan and Security Agreement set forth in subparagraph (c)(ii).

(f) The following two Draw-to Loan Notes made by ABH in favor of MHC: (i) Draw-to Loan Note dated May 24, 2021 in the amount of $696,579.75 and (ii) Draw-to Loan Note dated June 11, 2021 in the amount of $6,162,662.75; respectively executed pursuant to the Loan and Security Agreement set forth in subparagraph (c)(iii).

(g) (i) Master Finance and Security Agreement No. 1 dated June 14, 2019 between Sumitomo Mitsui Finance and Leasing Co., Ltd. ("SMFL") as Lender and Acme Lift Company, L.L.C. as Borrower; and (ii) Master Financing and Security Agreement No. 1 dated June 22, 2020 between SMFL as Lender and ECCO Equipment Company, LLC as Borrower.

(h) The following seventeen Schedules and Promissory Notes made by Acme Lift Company, LLC in favor of SMFL executed under the Master Financing and Security Agreement identified in subparagraph (g)(i): (i) Schedule and Promissory Note No. 14006 dated

-6-

July 3, 2019; (ii) Schedule and Promissory Note No. 14416 dated July 26, 2019; (iii) Schedule and Promissory Note No. 14417 dated July 26, 2019; (iv) Schedule and Promissory Note No. 14716 dated August 21, 2019; (v) Schedule and Promissory Note No. 14718 dated August 21, 2019; (vi) Schedule and Promissory Note No. 14857 dated September 4, 2019; (vii) Schedule and Promissory Note No. 14859 dated September 4, 2019; (viii) Schedule and Promissory Note No. 15261 dated October 10, 2019; (ix) Schedule and Promissory Note No. 15540 dated November 7, 2019; (x) Schedule and Promissory Note No. 16467 dated February 19, 2020; (xi) Schedule and Promissory Note No. 16516 dated February 19, 2020; (xii) Schedule and Promissory Note No. 16725 dated March 13, 2020; (xiii) Schedule and Promissory Note No. 16993 dated April 20, 2020; (xiv) Schedule and Promissory Note No. 17049 dated May 12, 2020; (xv) Schedule and Promissory Note No. 17050, dated May 12, 2020; (xvi) Schedule and Promissory Note No. 18172 dated December 14, 2020; and (xvii) Schedule and Promissory Note No. 18519, dated January 28, 2021.

(i) The following Schedule and Promissory Note executed under the Master Financing and Security Agreements identified in subparagraph (g)(ii): Schedule and Promissory Note No. 1 made by ECCO Equipment Company LLC ("ECCO"), a wholly-owned subsidiary of ABH, in favor of SMFL.

21. HCM executed the following guarantees in favor of the four lenders with respect to the Existing Debts and obligation and liability in respect thereof:

(a) Guarantee dated March 13, 2018 in favor of MUFG, as amended;

(b) Guarantee dated June 3, 2020 in favor of MUFG, as amended;

-7-
LEGAL_JP # 4352076.10

(c) Guarantee ("*Hoshosho*") dated October 31, 2019 in favor of SMBC, as amended;

(d) (i) Guarantee (*Hoshosho*) dated April 27, 2018 as amended; (ii) Guarantee (*Hoshosho*) dated September 16, 2020, as amended; and (iii) Guarantee (*Hoshosho*) dated April 27, 2021, as amended, respectively in favor of MHC.

(e) The following twenty-one Partial Recourse Agreements (which include HCM's guarantee of the underlying indebtednesses) between SMFL and HCM: (i) Partial Recourse Agreement dated July 3, 2019; (ii) Partial Recourse Agreement dated July 26, 2019 (covering collateral ZW1506-005313, ZW2506-005227, ZW2506-005228, ZW1506-005347, ZW2206-005298, ZW1506-005348 and ZW2206-005278); (iii) Partial Recourse Agreement dated July 26, 2019 (covering collateral 1FFDAP70LKF140133, 1FFDAP70HKF140132, 1FFDBP70VKF240273, 1FFDC571TKF340652, 1FFDC571LKF340659 and 1FFDC571VKF340660); (iv) Partial Recourse Agreement dated August 21, 2019 (covering collateral ZW2506-005231 and ZW3106-005234); (v) Partial Recourse Agreement dated August 21, 2019 (covering collateral 1FFDAP70TKF140136, 1FFDBP70AKF240274, 1FFDC571HKF340663, 1FFDDP70CKF840588, 1FFDC57VKF340657, 1FFDDR70JKF940751, 1FFDDR70VKF940753, 1FFDDR70CKF940752, 1FFDDR70KKF940750 and 1FFDDR70JKF940748); (vi) Partial Recourse Agreement dated September 4, 2019 (covering collateral ZW1506-005360, ZW1506-005361, ZW3106-005235, ZW3106-005237 and ZW3106-005238); (vii) Partial Recourse Agreement dated September 4, 2019 (covering collateral HCMDAT60A00200393, HCMDAT60C00200391, HCMDAT60J00200390, 1FFDBP70LKF240275, 1FFDC571CKF340665, 1FFDC571EKF340664, HCMDFD6OC00700373, HCMDFD60E00700369,

HCMDFD60J00700377, HCMDFD60L00700370 and HCMDFD60P00700375); (viii) Partial Recourse Agreement dated October 10, 2019; (ix) Partial Recourse Agreement dated November 7, 2019; (x) Partial Recourse Agreement dated February 5, 2020; (xi) Partial Recourse Agreement dated February 13, 2020 (covering collateral 1FFDDR70CKF940740, ZW1806-005468, ZW1806-005467, ZW1806-005471 and HCMJAG60C00060675) (xii) Partial Recourse Agreement dated February 13, 2020 (covering collateral 87410476, 87410475, 85800159, 85800160, C17000111 and C170001336) ; (xiii) Partial Recourse Agreement dated February 19, 2020; (xiv) Partial Recourse Agreement dated April 20, 2020 (covering collateral 85800150, 85800151, GTH1015E-10752, GTH1015E-10696, 160089559, GTH1013-17367, 160065433, GTH5515B-3712, GTH5515B-2802, GTH5515B-3718, GTH5514B-681, 160089559, GTH1013-17367, 160061765, 160064201, 160061548, 160052236, 201903130011, 201904260059, 74535326, 74535322, 12900080 and 12900123); (xv) Partial Recourse Agreement dated April 20, 2020 (covering collateral HCMJAG60C00060675, HCMJAG60A00060677, HCMJAA70J00030800, HCMJAA70C00030801, 1FFDDR70EGF940135, HCMJAG60E00060313 and 1FFDDR70CHF940291); (xvi)  Partial Recourse Agreement dated April 27, 2020; (xvii) Partial Recourse Agreement dated May 12, 2020 (covering collateral ZW1806-005508, ZW1806-005499, ZW1806-005498, ZW1806-005387, ZW3106-005264 and ZW2206-005375); (xviii) Partial Recourse Agreement dated May 12, 2020 (covering collateral 1FFDC571CLF340795, 1FFDC571TLF340796, 1FFDC571PLF340797, 1FFDC571KLF340798, 1FFDC571CLF340800, 1FFDDR70CLF940843, 1FFDDR70TLF940844, 1FFDDR70VLF840674, HCMDD560C00010187, HCMDD560P00010220, 1FFDC571JLF340804, 1FFDDR70JLF940850, 1FFDDR70CLF940851, 1FFDDR70LLF940854,

1FFDDR70HLF940855, 1FFDDR70CLF940857, 1FFDC571CLF340805, 1FFDC571VLF340806, 1FFDC571ALF340807 and HCMJAG60T0061125 ); (xix) Partial Recourse Agreement dated March 12, 2020 (covering collateral ZW1806-005505, ZW1806-005506, ZW1806-005443, ZW1806-005388, ZW1806-005375, ZW1806-0053431, ZW1806-005527, ZW1806-005522, ZW2206-005352, ZW2206-005355, ZW2206-005339, ZW2206-005349, ZW2206-005379, ZW2206-005363, ZW3106-005259 and ZW3106-005263); (xx) Partial Recourse Agreement dated December 14, 2020; and (xxi) Partial Recourse Agreement dated January 28, 2021.

22. On November 15, 2022, MUFG demanded HCM to perform its guarantees for the Guaranteed Loans, demanding $237,000,000.00 in principal plus interest.

23. On November 15, 2022, SMBC demanded HCM to perform its guarantees for the Guaranteed Loans, demanding $97,000,000 in principal and interest thereon (at 9% per annum).

24. On November 16, 2022, MHC demanded HCM to perform its guarantees for the Guaranteed Loans, demanding $24,428,605.12 in principal and $8606.42 in interest.

25. On December 5, 2022, SMFL demanded HCM to perform under the guarantees for the Guaranteed Loans, demanding $25,918,898.03 in principal and legal fees.

26. On November 16, 2022, HCM paid by wire transfers (i) MUFG the amount of $237,000,000 and (ii) SMBC the amount of $97,048,500; for the total amount of $ 334,048,500 by performing its guarantees issued in favor of the two lenders in connection with the HCM Guaranteed Loans.

27. MUFG acknowledged receipt of the wire transfer on November 16, 2022 (in Eastern Standard Time).

28. For SMBC, HCM has a record of wire transfer initiated on November 17, 2022 (in Japan Standard Time).

29. ABH has judicially admitted that HCM "paid both MUFG and SMBC in full." Compl. ¶ 22, *Acme Business Holdco., LLC et. al. v. Hitachi Construction Machinery Co. Ltd. and Hitachi Construction Machinery Investment U.S.A. Corp.*, No. 650347/2023 (N.Y. App. Div. 1st Dept., Jan. 18, 2023).

30. ABH further judicially admits that such payments were made "pursuant to the Master Cross Guarantee Agreement." Pls.' Mem. of Law in Supp. for Mot. for a T.R.O. and Prelim. Inj., p. 6, 7, *Acme Business Holdco., LLC et. al. v. Hitachi Construction Machinery Co. Ltd. and Hitachi Construction Machinery Investment U.S.A. Corp.*, No. 650347/2023 (N.Y. App. Div. 1st Dept., Jan. 18, 2023).

31. On December 2, 2022 and December 6, 2022, HCM paid by wire transfers (i) MHC the amount of $24,437,211.54, and (ii) SMFL the amount of $25,918,898.03; for the total amount of $ 50,356,109.57 by performing its guarantees issued in favor of the two lenders in connection with the HCM Guaranteed Loans.

32. In exchange for HCM's payment of $25,918,898.03 to SMFL, HCM and SMFL executed an Assignment Agreement dated December 6, 2022 by which SMFL assigned all of its rights, remedies, obligations, liabilities, title, and interests under (A) the Master Financing and Security Agreement No. 1, dated June 14, 2019 between SMFL and ABH, (i) the seventeen

defaulted Schedules and Promissory Notes thereunder identified in paragraph 20 subparagraph (h); (ii) Individual Guaranty executed by Woodrow D. Weld; (iii) Entity Guaranty executed by ABH; (iv) Entity Guaranty executed by Global Equipment Management, LLC; (vi) Entity Guaranty executed by A-Aircomp Holdco, LLC; (vii) Entity Guaranty executed by Mackinnon Skye Holdings, LLC; (viii) Entity Guaranty, executed by Allied Crane & Machinery, LLC; and under (B) Master Financing and Security Agreement No. 1 dated June 22, 2020 between SMFL and Acme Lift (the "ECCO MFSA"), (i) Entity Guaranty executed by ABH guaranteeing ECCO's obligations to SMFL under the ECCO MFSA; and (ii) Schedule and Promissory Note No. 1 by ECCO Equipment Company, LLC ("ECCO") as Borrower in favor of SMFL as Lender.

33. On November 28, 2022, MHC sent a letter to HCM advising, in part, the following:

*"Upon indefeasible payment in full by Guarantor [HCM] of all obligations owing by Borrower [ABH] to Lender [MHC], as confirmed in writing (including email) by Lender to Guarantor, all of Lender's liens in the assets of Borrower (if any) shall be deemed assigned to Guarantor…"*

As stated in paragraph 31, on December 2, 2022, HCM performed its guarantee to MHC by making an indefeasible and full payment of $24,437,211.54 as demanded by MHC its November 16, 2022 letter to HCM.

**Breach By WH And Weld Of The MCGA**

34. On November 21, 2022 and December 16, 2022, HCM demanded WH and Weld payment of Defendants' cross guarantee obligations to HCM under the MCGA under the notice provisions of the MCGA, calculated at WH and Weld's proportionate Ownership Percentage (66

2/3 %) of the amount paid by HCM under its guarantees in favor of the four lenders in satisfaction of the HCM Guaranteed Loans.

35. Under the MCGA, WH and Weld are obligated to pay HCM within 5 (five) business days of receipt of the written notice. MCGA § 13.

36. WH and Weld have breached the MCGA by failing to pay any and all amounts owed to Plaintiff resulting from their breach of the obligations under the MCGA following their receipt of the written notice.

37. As a result of Defendants' breach of the MCGA, Defendants owe Plaintiff $384,404,609.57 together with any accrued interest and reasonable attorneys' fees.

## COUNT ONE
## BREACH OF CROSS GUARANTEE

38. HCM incorporates each and every allegation above, as if stated here in full.

39. The MCGA is a valid and enforceable contract between HCM, WH and Weld.

40. HCM performed all of the underlying payment obligations to the four lenders pursuant to the loan documents identified above as contemplated by the MCGA.

41. WH and Weld, in each's individual capacity, are obligated to cure the breach and pay the amounts owed.

42. WH and Weld's failure to make the demanded payments constitutes a breach of the express terms of the MCGA.

43. As a result of WH and Weld's breach of the MCGA, HCM has suffered and continues to suffer damages in the amount of $ 384,404,609.57 plus accruing interest and reasonable attorneys' fees and costs as is entitled to judgment thereon.

WHEREFORE, Plaintiff, HCM, demands judgment jointly and severally against Defendants WH and Weld, in the amount of $384,404,609.57 plus accruing interest, reasonable attorneys' fees, costs and such other relief as the Court may deem equitable and just.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury as to all issues so triable.

Dated:  January 19, 2023                           Respectfully submitted,

By:  */s/ Avi Weitzman*
Kevin Broughel
kevinbroughel@paulhastings.com

Avi Weitzman
aviweitzman@paulhastings.com

Kyrsten Ponturo
kyrstenponturo@paulhastings.com

PAUL HASTINGS LLP
200 Park Avenue
New York, New York  10166
Telephone:  1(212) 318-6000
Facsimile:  1(212) 319-4090

Christopher H. McGrath
*(Pro Hac Vice Application Forthcoming)*
chrismcgrath@paulhastings.com

PAUL HASTINGS LLC
695 Town Center Drive
Costa Mesa, California 92626
Telephone: 1(714) 668-6200
Facsimile: 1(714) 979-1921

Attorneys for Plaintiff
*Hitachi Construction Machinery Co., Ltd., a Japanese Corporation*