UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HITACHI CONSTRUCTION MACHINERY CO., LTD, A JAPANESE CORPORATION,<br><br>        Plaintiff,<br><br>  v.<br><br>WELD HOLDCO, LLC, A DELAWARE LIMITED LIABILITY COMPANY, AND WOODROW D. WELD, AN INDIVIDUAL,<br><br>        Defendants. | Case 1:23-cv-00490-NRB |
| HITACHI CONSTRUCTION MACHINERY CO., LTD, A JAPANESE CORPORATION,<br><br>        Plaintiff,<br><br>  v.<br><br>ACME BUSINESS HOLDCO, LLC, ACME LIFT COMPANY, LLC, ECCO EQUIPMENT COMPANY, LLC, WELD HOLDCO, LLC, AND WOODROW D. WELD, AN INDIVIDUAL,<br><br>        Defendants. | Case 1:23-cv-01396-NRB |

**CONFIDENTIALITY STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

  Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and subject to the approval of the Court for good cause shown, it is hereby stipulated and agreed by and between undersigned counsel for plaintiff Hitachi Construction Machinery Co., Ltd. ("**Plaintiff**") and defendants Woodrow D. Weld, Weld Holdco, LLC, and Acme Business Holdco, LLC, Acme Lift Company, LLC and ECCO Equipment Company, LLC (collectively, the "**Defendants**," and together with Plaintiff, the "**Parties**" and each a "**Party**") that the terms of this Stipulated Confidentiality and Protective Order (the "**Order**") shall govern the treatment, use, production

and exchange of any and all documents (including electronically stored information), testimony taken at depositions or hearings, deposition exhibits, interrogatory responses, admissions and any other information or material produced, given, or provided by any party, including any third party, or information derived from any of the foregoing (collectively, "**Discovery Material**"). "**Producing Party**" shall mean the parties to the above-captioned actions ("**Actions**"), any third parties from whom Discovery Material is received, or the party asserting confidentiality. "**Receiving Party**" shall mean the party or third party receiving the Discovery Material. The Parties agree as follows:

1. **Confidential Information**. Any Producing Party may designate as "Confidential" that portion of the Discovery Materials that it reasonably believes in good faith contains or constitutes non-public personal, confidential, competitive or commercially sensitive information that requires the protections provided in this Order ("**Confidential Information**"), including:

    a. Previously undisclosed material relating to ownership or control of any non-public company;

    b. Previously undisclosed information constituting business or marketing plans;

    c. Previously undisclosed sensitive commercial information relating to any Party's business, including but not limited to customer or counterparty information, proposed or existing strategic alliance transactions or other business combinations, divestitures, studies or analyses by internal or outside experts, competitive analyses, and/or confidential project-related information;

    d. Previously undisclosed financial or tax information (including without limitation profitability reports or estimates, percentage fees, minimum guarantee payments, sales reports, and sales margins);

    e. Information of a personal or intimate nature regarding any individual, or information reasonably likely to cause undue harm to the reputation of, or embarrassment to, any individual;

    f. Information protected from disclosure pursuant to law or regulation; or

    g. Any other category of information hereinafter given confidential status by the Court.

2

Case 1:23-cv-01396-NRB Document 88 Filed 10/11/23 Page 3 of 14
Case 1:23-cv-00490-NRB Document 65 Filed 10/16/23 Page 3 of 12

2. **Non-Confidential Information**. Confidential Information shall not include:

    a. Information that is generally available to the public, such as public filings, catalogues, and advertising materials;

    b. Information that was or is in the public domain prior to or at the time of disclosure, not in violation of this Order;

    c. Information which after disclosure is published or becomes part of the public domain, through no fault of a Party receiving information under this Order, but only after it is published or comes into the public domain not in violation of this Order;

    d. Information that is in the possession of a Party receiving such information without any confidentiality obligations at the time of disclosure, and such information was received from a source that possessed the right to disclose it without any such confidentiality obligations;

    e. Information disclosed by a third party that is not subject to any confidentiality obligations at the time of the disclosure;

    f. Information that is discovered independently by the Party receiving such information by means that do not constitute a violation of this Order; or

    g. Information that was, is, or becomes expressly released from being designated "Confidential" by the Producing Party or by order of the Court.

3. **Designation of Confidential Information**.

    a. With respect to the portion of any Discovery Materials other than deposition transcripts or exhibits that contains Confidential Information, the Producing Party may designate such portion as "Confidential" by applying the legend "CONFIDENTIAL" to each page containing any Confidential Information. In the case of electronically stored information, the "Confidential" legend, if any, shall be printed on the cover or container of the disk, tape, or other medium in which the electronic form data are stored, and the "Confidential" legend shall be applied, by electronic means, to each electronic document or other electronically stored information containing any Confidential Discovery Materials. With respect to the portion of any Discovery Materials other than deposition transcripts or exhibits that contains Confidential Information that is received from a third party, designation by any Party other than the Production Party shall be made by notifying all counsel in writing of those documents which are to be stamped and treated as "Confidential" any time up to fifteen (15) days after actual receipt of copies of those documents by counsel for the Party asserting confidentiality. Any Discovery Materials designated "Confidential" by the Producing Party prior to the Parties' execution of this agreement shall nevertheless be protected as Confidential Information under this Order.

    b.    With respect to any deposition transcripts and exhibits thereto that contain Confidential Information, a Party may designate such portion as "Confidential" (i) by so notifying the reporter on the record at the deposition, or (ii) by sending a written notice to counsel of record for all Parties of the "Confidential" designation within thirty (30) days from the date the deposition transcript becomes available to the designating party. During and prior to this thirty (30) day period referred to in clause (ii) of the preceding sentence, the entire deposition transcript and its exhibits shall be treated as Confidential Information. If no designations are made within the thirty (30) day period, the entire deposition transcript shall be considered non-confidential. All originals and copies of deposition transcripts that contain Confidential Information shall be prominently marked "Confidential" on the cover thereof and on all pages containing any Confidential Information, and provided to the Parties, at the designating party's expense. This provision shall not prevent a witness from reviewing his or her deposition for correctness and signing or correcting his or her deposition.

    c.    The failure to designate a document as "Confidential" does not constitute a waiver of such claim, and a Producing Party may so designate a document after such document has been produced in accordance with Paragraph 11, with the effect that such document is subject thereafter to the protections of this Order.

4. **Use of Discovery Materials, Including Confidential Information**. All Discovery Materials disclosed in the Actions, whether or not containing Confidential Information, may be used in connection with:

    a.    the Actions; or

    b.    any counterclaims, cross claims, defenses, affirmative defenses, appeals, or retrials related to the Actions.

The Discovery Material may not be used for any business, commercial, or competitive purpose. Nothing contained in this Order, however, shall preclude the Parties from reaching a separate agreement as to the use of Discovery Material in other proceedings, including but not limited to the arbitration with JAMS in New York captioned *Weld Holdco, LLC and Woodrow D. Weld v. Hitachi Construction Machinery Co., Ltd, Hitachi Construction Machinery Holding U.S.A. Corporation and Hitachi Construction Machinery Investment USA Corporation*, JAMS Ref. No. 5425001250. In addition, nothing contained in this Order will affect or restrict the rights of any Party with respect to its own documents or information produced in the Actions.

All Confidential Information shall be maintained in confidence by any Receiving Party and shall not be disclosed except in accordance with this Order. Any summary, compilation, notes, memoranda, analysis, translation, or copy containing Confidential Information, and any electronic image or database containing Confidential Information shall be subject to the terms of this Order to the same extent as the material or information from which such summary, compilation, notes, memoranda, analysis, translation, copy, electronic image or database is derived.

5. **Disclosure of Confidential Information**. Discovery Material produced pursuant to this Order with a "Confidential" designation shall only be disclosed to:

    a. Retained counsel for the Parties and retained counsel's staff;

    b. If the Party is an entity:

        i. in-house counsel who participate in giving direction in connection with the Actions;

        ii. such officers, directors and employees necessary for the purpose of assisting in the prosecution or defense in the Actions;

    c. A Party, if a natural person;

    d. Any person who was an author, sender, addressee, or designated recipient of the Confidential Information;

    e. Any deponent and/or any witness or potential witness who counsel for a Party in good faith believes will be called to testify in the Actions, who is not otherwise entitled to have access to the Confidential Information, and his or her counsel;

    f. Actual or potential independent experts or consultants (together with their assistants and administrative or clerical staff) retained in connection with the Actions;

    g. Litigation vendors and other litigation support personnel, including clerical and data processing personnel involved in the production, reproduction, scanning, organizing, filing, coding, cataloging, converting, storing, retrieving, and review of Discovery Material, to the extent reasonably necessary to assist a Party or its counsel in the Actions;

5

    h.    The Court, any appellate court to which an appeal is taken, any other court, tribunal or dispute resolution officer duly appointed, chosen or assigned in connection with the Actions , and its staff, provided that no Confidential Information shall be publicly filed unless required by an order of the Court;

    i.    Court reporter(s) and videographer(s) employed in the Actions; and

    j.    Any other person as to whom the Producing Party agrees in writing or to whom the Court in the Actions permits disclosure.

6. **Agreement to Be Bound**. Counsel shall take appropriate steps to ensure that persons identified in Paragraph 5 who are within their supervision or control use and maintain Discovery Material, including Discovery Material designated as "Confidential," in accordance with this Order, as follows.

    a.    Before any Discovery Material, including Discovery Material designated as "Confidential," is reviewed or inspected by or otherwise disclosed to any person listed in Paragraph 5(a)-(d) above, the Receiving Party shall be responsible for providing such persons with a copy of this Order and instructing such persons to comply with its terms.

    b.    No person referred to in Paragraph 5(e), (f) or (g) shall be given access to Discovery Material, including Discovery Material designated as "Confidential," until that person has certified that he or she has read this Order and has manifested his or her assent to be bound by signing a copy of the Agreement to be Bound by the Stipulated Confidentiality and Protective Order ("**Agreement to Be Bound**") attached hereto as Exhibit A.

        i.    In the event that, upon being presented with a copy of the Order, a deponent refuses to execute the Agreement to Be Bound by this Order, the Court shall, upon application, enter an order directing such deponent's compliance with this Order.

        ii.    If a person is required to sign an Agreement to Be Bound, counsel for the Parties shall retain the signed Agreement to Be Bound and hold it in escrow until the conclusion of the Actions, and, prior to such person being permitted to testify at deposition or trial, produce it to counsel for the Producing Party (or Parties) upon request.

7. **Filings with the Court**. If any Receiving Party determines to file or to otherwise submit to the Court any Discovery Material containing or disclosing the content of information designated "Confidential" for which Court approval is required, unless such Receiving Party first

obtains from the Producing Party consent to the filing without sealing or redaction, the Receiving Party must file a motion or letter motion for approval of sealed or redacted filings, including the proposed sealed or unreacted filings, electronically through the Court's ECF system in conformity with the Court's standing order, 19-mc-00583, and ECF Rules & Instructions, section 6 and the Court's local rules and applicable individual practices.

8. **Compelled Disclosure**. If a Party (a) is subpoenaed in another action or proceeding, served with a demand in another action or proceeding in which it is a party, or is served with any other legal process by one not a party to the Actions seeking material designated as "Confidential" under this Order, or (b) is subject to a court order, administrative ruling, or statutory or regulatory obligation seeking to compel the disclosure of any such material, that Party shall (i), to the extent permitted by applicable law, give written notice by e-mail to the Producing Party (or Parties) as promptly as practicable (and prior to making such disclosure); (ii) object to the production of documents, absent consent of the Producing Party (or Parties) to production, to the extent permitted by applicable law; and (iii) reasonably cooperate with and not oppose any effort by the Producing Party (or Parties) to quash the subpoena, obtain a protective order limiting discovery of such material, or otherwise oppose enforcement of the subpoena or document request.

9. **Objections to Designation**. Any party to whom Discovery Material designated as "Confidential" is produced or disclosed may object at any time prior to trial in these Actions to such designation by serving counsel for the Producing Party with a written notice stating with particularity the grounds of the objection. In the event any party to the Actions disagrees at any stage of the proceedings with the designation of any information as Confidential, the parties shall make reasonable good faith efforts to resolve any disagreement concerning the designation of the

7

Discovery Material in question. If the dispute cannot be resolved, the objecting party shall have the right to challenge such designation by making a motion in accordance with the Court's individual practices.

10. **Additional Limits on Disclosure**. Any Party who requests additional limits on disclosure (such as "Highly Confidential – Attorney Eyes Only") may, at least 45 days prior to trial in these Actions serve upon counsel for the Receiving Party a written notice stating with particularity the grounds for the request. The Parties shall make reasonable good faith efforts to resolve any disagreement concerning the additional limits on disclosure. If the dispute cannot be resolved, the party requesting additional limits on disclosure may bring a motion before the Court for a modification of this Protective Order, in accordance with the Court's individual practices.

11. **Failure to Designate or Incorrect Designation.** Failure to designate Discovery Material as "Confidential" may be corrected by supplemental written notice given by the Producing Party as soon as practicable, provided that the Producing Party also shall, at its cost, provide the Receiving Party with substitute copies, bearing the legend "Confidential," at which time the Receiving Party shall promptly destroy or return to the Producing Party the copies of such substituted Discovery Materials. A failure to designate documents or information as "Confidential" shall not constitute a waiver of the Producing Party's right to so designate such documents or information. As soon as the Receiving Party becomes aware of the production of such documents or information, the documents or information must be treated as though they had been timely designated as "Confidential" under this Order, and the Receiving Party must endeavor in good faith to obtain all copies of the documents that it distributed or disclosed to

8

persons not authorized to receive Confidential Information under Paragraph 5, as well as any copies made by such persons, and promptly return or destroy them.

12. **Production of Privileged Material**.  Pursuant to Rule 502 of the Federal Rules of Evidence, neither the attorney-client privilege nor work product protection is waived by a disclosure of privileged or protected information in connection with the Actions.  If a Producing Party discloses Discovery Materials it believes to be subject to a claim of attorney-client privilege or work product immunity (the "Clawback Materials"), the Producing Party may give written notice of such disclosure and request that the Receiving Parties return the Clawback Materials.  Upon receipt of such notice, the Receiving Parties shall, within five business days, return to the Producing Party or destroy all Clawback Materials, including all copies, and shall destroy any notes related to the Clawback Materials.  The Receiving Parties shall provide a certification to counsel that all Clawback Materials have been returned or destroyed.  Return or destruction of the Clawback Materials shall not constitute an admission or concession, or permit any inference, that the Clawback Materials are, in fact, properly subject to a claim of attorney-client privilege or work product immunity, nor shall it foreclose the Receiving Party from moving the Court for an order that such Clawback Materials should be producible for reasons other than a waiver caused by their production.  The Parties will meet and confer on the nature and scope of privilege logs for the Actions, including whether categories of information may be excluded from any logging requirements, such as information generated after the filing of the respective Complaint in each Action.

13. **No Waiver**.  It is understood and agreed by the Parties that no failure or delay by a Producing Party in exercising any right, power, or privilege pursuant to this Order shall operate

as a waiver thereof, nor shall any single or partial exercise thereof preclude any other or further exercise thereof or the exercise of any right, power or privilege pursuant to this Order.

14. **Disposition of Confidential Information**. Within sixty (60) days after receiving notice of the entry of an order, judgment, or decree finally disposing of or resolving all of the Actions, including the exhaustion of all possible appeals, confirmation and other review, all persons having received Discovery Material designated as "Confidential" shall either return such material and all copies thereof (including summaries and excerpts) to the Producing Parties or destroy all such Discovery Material and copies thereof; provided, however, that (a) nothing in this Order requires that counsel for the Parties search through and destroy work product or correspondence, including emails and email attachments (or any archives or backups thereof); (b) outside counsel for the Receiving Party may retain one complete and unredacted set of pleadings, papers filed and/or served on the other Parties in the Actions, and deposition, hearing and trial transcripts and exhibits in the Actions; and (c) a Receiving Party, including its counsel and advisors, shall not be obligated to return or destroy Confidential Discovery Materials from backups or other such inaccessible storage media, provided that the Party shall not attempt to access such Confidential Discovery Materials, and if such Confidential Discovery Materials later become accessible due to restoration of such backups or otherwise, the Party shall not access the Confidential Discovery Materials for any purpose except to delete or destroy them (provided however that any e-discovery database hosting a bulk collection of Confidential Discovery Materials shall be destroyed, along with any backups). All Confidential Discovery Materials retained pursuant to these provisions shall continue to be subject to the protections provided by this Protective Order. The Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder.

15. **Protected Information After Termination of this Action**. The provisions of this Order shall continue to be binding after the conclusion of the Actions, except that there shall be no restriction on documents that are used as exhibits in open Court unless such exhibits were filed under seal.

16. **Additional Parties**. In the event an additional party joins or is joined in the Actions, it shall not have access to Confidential Information until the newly-joined party has itself, or by its counsel executed and filed with the Court its Agreement to Be Bound by this Order.

17. **Modification.** The Parties may, by stipulation, provide for exceptions to this Order and any Party may seek an order of this Court modifying this Order.

18. **No Waiver of Personal Jurisdiction Defense or Positions as to Arbitrability**. By entering into this stipulation, the Parties do not waive their positions as to personal jurisdiction, arbitrability, non-arbitrability, or whether the Actions should or should not be stayed pending resolution of the Arbitration.

19. **No Waiver of Objections, Privilege, Admissibility**. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

20. **Counterparts**. This stipulation may be signed in counterparts, which, when fully executed, shall constitute a single original, and electronic signatures shall be deemed original signatures.

11

Dated: August __, 2023
New York, New York

PAUL HASTINGS LLP

By: _____
Peter C. Meier
101 California Street, 48th Floor
San Francisco, CA 94111
Tel: (415) 856-7030
petermeier@paulhastings.com

Kevin P. Broughel
200 Park Avenue
New York, NY 10166
Tel: (212) 318-6000
kevinbroughel@paulhastings.com

*Attorneys for Plaintiff Hitachi Construction Machinery Co., Ltd.*

JOSEPH HAGE AARONSON LLC

By: _____
Gregory P. Joseph
Mara Leventhal
Christopher J. Stanley
Benjamin A. Taylor
Roman Asudulayev
800 Third Avenue, 30th Floor
New York, NY 10022
(212) 407-1200

AMINI LLC
Bijan Amini
Lita Beth Wright
Reece Campbell Dameron
131 West 35th Street, 12th Floor
New York, NY 10001
(212) 490-4700

*Attorneys for Defendants Weld Holdco, LLC and Woodrow D. Weld*

ARNOLD & PORTER KAYE SCHOLER LLP

By: _____
Jeffrey A. Fuisz
Peta Gordon
Tyler Fink
250 West 55th Street
New York, New York 10019-9710
(212) 836-8000

*Attorneys for Defendants Acme Business Holdco, LLC, Acme Lift Company, LLC and ECCO Equipment Company, LLC*

909433

So Ordered:
*Naomi Reice Buchwald*, USDJ
October 16, 2023

12