```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
HITACHI CONSTRUCTION MACHINERY
CO., LTD,

                Plaintiff,           MEMORANDUM AND ORDER

           - against -               23 Civ. 490 (NRB)

WELD HOLDCO, LLC & WOODROW D.
WELD,

                Defendants.
------------------------------X
```

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

On December 6, 2023, this Court issued a Memorandum and Order (the "Order"), which, in relevant part, denied the Weld defendants' motion to compel Hitachi to arbitrate as well as their request to stay this litigation pending the resolution of ongoing arbitration proceedings. ECF No. 80. On January 4, 2024, the Weld defendants filed a notice of interlocutory appeal of the Court's Order. ECF No. 83. Shortly thereafter, Hitachi filed a pre-motion letter regarding its anticipated motion seeking certification that the Weld defendants' appeal is frivolous and thus requesting that the Court invoke the "dual jurisdiction doctrine" to retain jurisdiction over this case notwithstanding the appeal.[1] ECF No.

---

[1] The Federal Arbitration Act ("FAA") authorizes interlocutory appeals of orders denying requests for arbitration and stays of litigation pending arbitration. 9 U.S.C. §§ 16(a)(1)(A)-(C). The Supreme Court recently held that a district court must stay its proceedings while such an interlocutory appeal is ongoing. See Coinbase, Inc. v. Bielski, 599 U.S. 736, 738 (2023). To prevent unwarranted delay, however, district courts may certify an

84 ("Mot."). In turn, the Weld defendants filed a letter opposing Hitachi's proposed motion on the grounds that their appeal does not approach the level of frivolity required by the certification standard. ECF No. 85 ("Opp."). Although the Court emphatically stands by its initial decision, we cannot say the Weld defendants' appeal meets the stringent standard for deeming an appeal frivolous. Therefore, we deny Hitachi's motion and allow the automatic stay triggered by the interlocutory appeal to remain in place until the Weld defendants' appeal is resolved.[2]

As an initial matter, the Court strongly disagrees with the Weld defendants' formulations of the issues they seek to raise on appeal. First, the Weld defendants assert that their appeal raises "an issue of first impression for the Second Circuit," namely, whether an agreement's incorporation of arbitral rules delegating to an arbitrator the issue of arbitrability can bind non-parties. Opp. at 1. Contrary to their assertion, however, the Second Circuit has already addressed this issue. Indeed, as we explained

---

interlocutory appeal as frivolous and retain jurisdiction of the case despite the ongoing appeal. Arthur Andersen LLP v. Carlisle, 556 U.S. 624, 629 (2009) ("Appellate courts can . . . even authorize the district court's retention of" a case "when an appeal is certified as frivolous."); Carroll v. Trump, 88 F.4th 418, 433 (2d Cir. 2023) ("[D]istrict courts may retain jurisdiction notwithstanding appeal if the appeal is frivolous.").

[2] Because the parties' pre-motion letters concerning this non-dispositive issue "were sufficiently lengthy to address all relevant arguments," the Court will construe the pre-motion letters as the motions themselves. Int'l Code Council, Inc. v. UpCodes Inc., 43 F.4th 46, 54 (2d Cir. 2022).

in the Order, the Second Circuit has made clear that an agreement's reference to delegatory arbitral rules can only shed light on "the parties' intent to delegate arbitrability to the arbitrator." Order at 17 (quoting DKK Hotels, LLC v. Williams-Sanoma, Inc., 6 F. 4th 308, 318 (2d Cir. 2021) (emphasis added)). Applying this straightforward rule, we concluded that the EPA and LLC Agreement's incorporation of JAMS rules could not bind Hitachi because it was not party to either of those agreements.[3] See id. at 16-19.

Second, the Weld defendants assert that the Court's Order failed to address whether Hitachi must arbitrate both the claims filed in the JAMS arbitration demand and the Weld defendants' counterclaims. Opp. at 1. This is simply incorrect. The Court made clear that "the Weld defendants' motion to compel arbitration is denied other than as to the fraudulent transfer claim in the Subrogation Action." Order at 33 (emphasis added). Lest there be any doubt: aside from the fraudulent transfer claim asserted in the Subrogation Action, Hitachi need not arbitrate with the Weld defendants on any claim, regardless of whether it was raised in the Weld defendants' arbitration demand or in their counterclaims.

---

[3] Furthermore, as we explained in the Order, the Weld defendants' cite to an unpublished Tenth Circuit opinion with a unique set of facts was no reason to deviate from the Second Circuit's clear rule in this context, which had been applied by numerous courts in this District. See Order at 18 n.16.

Furthermore, the Weld defendants well know that it was unnecessary for the Court to decide whether Hitachi was bound to arbitrate their counterclaims because the Weld defendants broadly waived their right to raise any counterclaims at all.[4]  Order at 35-41.

The Court recognizes that these glaring weaknesses in the Weld defendants' arguments weigh in favor of deeming their appeal frivolous.  However, the Court is equally cognizant that the standard for certifying a frivolous appeal is particularly stringent.  See Tafari v. Hues, 473 F.3d 440, 442 (2d Cir. 2007).  Thus, although the Weld defendants' arguments are "wholly unconvincing, the Court is hesitant to effectively substitute its judgment for that of the appellate court by finding [the Weld defendants'] arguments so utterly frivolous in all respects as to warrant the denial of a stay."  Cendant Corp. v. Forbes, 72 F. Supp. 2d 341, 343 (S.D.N.Y. 1999) (citation omitted).  The Court is especially mindful not to overstep its authority in this context where Congress has expressly conferred a statutory right to take an interlocutory appeal.  9 U.S.C. §§ 16(a)(1)(A)-(C).  As such, the Weld defendants' appeal may be meritless, but it is not

---

[4] See Miller v. Metro. Life Ins. Co., 979 F.3d 118, 124 (2d Cir. 2020) ("[I]f it is not necessary to decide more, it is not necessary to decide more."); Hunish v. Assisted Living Concepts, Inc., 2010 WL 1838427, at *8 n.5 (D.N.J. May 6, 2010) ("[C]ourts should decide only the questions they must decide.").

frivolous, and therefore the automatic stay triggered by the interlocutory appeal will remain in effect until the appeal is resolved.

**SO ORDERED.**

Dated:    New York, New York
          January 23, 2024

                                                              _____
                                                              NAOMI REICE BUCHWALD
                                                              UNITED STATES DISTRICT JUDGE